IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-488

Filed 04 April 2023

Rockingham County, No. 18CRS51038

STATE OF NORTH CAROLINA

      v.

RICHARD FRANKLIN COLLINS, Defendant.

Appeal by defendant from judgment entered 9 December 2021 by Judge Edwin G. Wilson, Jr., in Rockingham County Superior Court. Heard in the Court of Appeals 11 January 2023.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Tamika L. Henderson for the State.*

*Mark Montgomery for the Defendant.*

DILLON, Judge.

Defendant was convicted by a jury of statutory rape of a child by an adult, taking indecent liberties with a child, and a sex act by a substitute parent or guardian after having sexual intercourse with his eleven-year step-granddaughter, Carol[1]. Our review shows Defendant received a fair trial, free from reversible error.

---

[1] Pseudonym used for the protection of the juvenile and for the ease of reading.

## I.    Background

Carol and her sister were placed in the custody and care of their grandmother, Marie Collins.  In 2017, Ms. Collins married Defendant Richard Frank Collins, at which time Defendant moved into Ms. Collin's home where both granddaughters resided.

Evidence offered at trial tended to show that when Carol was eleven years old in May 2017, Defendant forcibly raped Carol while they were home alone.  Defendant was found guilty by a jury of statutory rape of a child by an adult, taking indecent liberties with a child, and a sex act by a substitute parent or guardian.  The trial court entered a consolidated judgment and imposed an active sentence of 300 to 420 months. Additionally, the trial court ordered Defendant to register as a sex offender for life and to have no contact with Carol.  Defendant timely appeals.

## II.    Analysis

Defendant makes three arguments on appeal, which we address in turn.

### A. Admissibility of Expert Testimony

Defendant first contends that the trial court erred when it allowed expert testimony, over objection, by a forensic interviewer.  The forensic interviewer testified that she saw no indication Carol had been "coached."  Our Supreme Court has held that "an expert may not testify that a prosecuting child-witness in a sexual abuse trial is believable [or] is not lying about the alleged sexual assault." *State v. Baymon*,

336 N.C. 748, 754, 446 S.E.2d 1, 4 (1994). However, in *Baymon*, the Court stated "a statement that a child was not coached is not a statement on the child's truthfulness." *Id*. *See also State v. Ryan*, 223 N.C. App. 325, 333-34, 734 S.E.2d 598, 604 (2012).

Neither party cites a published opinion which *holds*, one way or another, whether an opinion regarding coaching is admissible. We note a recent unpublished opinion wherein our court held it was *not* error for the trial court to allow an opinion that a child victim was not coached. *State v. Clark*, 270 N.C. App. 639, 838 S.E.2d 694 (2020) (unpublished), *aff'd in part, rev'd in part on other grounds*, 380 N.C. 204, 858 S.E.2d 56 (2022).

Where there is no controlling precedent, it would not seem improper for us to predict how our Supreme Court would rule based on their precedent as federal courts do. *See, e.g., Moore v. Circosta*, 494 F.Supp.3d 289, 330 (M.D.N.C. 2020) ("[T]his court's job is to predict how the Supreme Court of North Carolina would rule on the disputed state law question.") Based upon our Supreme Court's statement in *Baymon*, we conclude that it was not error for the trial court to allow expert testimony that Carol was not coached.

## B. Motion for a New Trial

Defendant next contends that he is entitled to a new trial because the trial court granted the State's *motion in limine* which prevented his cross-examination of Carol about conduct referenced in her elementary school records. He contends that these school records reflect Carol's propensity for untruthfulness.

Rule 608(b) permits questioning of a witness with respect to specific instances of conduct in the narrow situation where: (1) the purpose of the evidence is to impeach or enhance credibility by proving the conduct indicates his/her character for truthfulness or untruthfulness and is not too remote in time; (2) the conduct in question is, in fact, probative of truthfulness or untruthfulness and is not too remote in time; (3) the conduct did not result in conviction; and (4) the inquiry into the conduct is not during cross-examination. *State v. Morgan,* 315 N.C. 626, 634, 340 S.E.2d 84, 89-90 (1986).

However, the trial court has discretion to apply the safeguards of Rule 403 and may exclude the proffered evidence if it determines that the risk of unfair prejudice substantially outweighs the probative value of the evidence. *Id.* at 634. The trial court may only be reversed when there is an abuse of discretion or when the trial court's ruling was so arbitrary that it could not have been the result of a reasoned decision. *State v. Barts*, 316 N.C. 666, 682, 343 S.E.2d 828, 839 (1986).

In this case, the State filed its *motion in limine* to prevent Defendant from cross-examining Carol about her confidential school records. The behavior in the records occurred between 2011 and 2013 when Carol would have been in kindergarten, first grade, and second grade. It was not an abuse for the trial court to consider Carol's behavior during that time as too remote in time from Defendant's alleged sexual assault of Carol. Further, the conduct contained in the records, which includes childhood conduct, such as cheating on a test and stealing a pen, was

marginally probative regarding Carol's truthfulness years later. Therefore, we conclude that the trial court did not abuse its discretion by not allowing Defendant to cross-examine Carol concerning these records.

### III. Admissibility of Video Evidence

Lastly, Defendant argues that the trial court committed reversible error by admitting, over his objection, the video tape of his interrogation. Defendant contends the video tape showed equipment relating to a polygraph examination.

Rule 403 prohibits the admission of otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." N.C. R. Evid., Rule 403(2) (2022). This Court reviews a trial court's decision to admit evidence under Rule 403's balancing test for abuse of discretion. *State v. Bedford*, 208 N.C. App. 414, 419, 702 S.E.2d 522, 528 (2010).

We conclude that the trial court did not err in allowing the video into evidence. To be sure, our Supreme Court has held that "polygraph evidence is no longer admissible in any trial." *State v. Grier*, 307 N.C. 628, 645, 300 S.E.2d 351, 361 (1983). And the State did stipulate that a polygraph test was given, and the results of the test would not be admitted. However, the trial court thoroughly reviewed the video and concluded that it merely depicted miscellaneous items on the table and not the actual polygraph evidence. Further, all references in the video to the polygraph

examination were redacted and kept from the jury.

### III.     Conclusion

We conclude Defendant received a fair trial, free of reversible error.

NO ERROR.

Judges TYSON and HAMPSON concur.